Good morning. May it please the Court, Sam Eilers, Federal Defenders of San Diego, on behalf of the appellant Alejandro Aguilar Diaz. The District Court erred when it denied Mr. Aguilar's request for a minor role adjustment. The District Court erred by failing to consider the five minor role factors listed in Application Note C of the 2015 Amendment to the Minor Role Guideline as required by Cantera-Leva. Why do you think he failed to consider them? The District Court failed to consider the minor role factors because it's apparent from the papers filed in the case, as well as the transcript, that the District Court didn't consider any of those factors. Specifically, the District Court never mentioned any of the minor role factors. And then, of course, you know he doesn't have to. I don't mean to interrupt, but your time's ticking. Of course, he doesn't have to, and it was in the papers, so we assume the judge knows the law. So what's your response to all that? Well, I think that I would point the court to Rita, Cardi, Trujillo, those lines of cases. And in Trujillo, this court noted that Rita and Cardi don't really stand for the proposition that the mere statement that a district judge has read the papers is sufficient. And in fact, where a judge is presented with non-frivolous arguments that are tethered to 3553A factors, and that's the context in which those cases were decided, that where a district court is presented with non-frivolous arguments tethered to those factors, that a district court has a heightened obligation to explain why it rejects... But counsel, here, both parties gave extensive discussions of how they thought those factors played out. And the court listened to all that and said, well, I agree with the government's analysis on those factors, so why isn't that enough? Well, I think... And specifically on this sort of hypothetical participant, the court said, well, if you look at it one way, he's not a minor participant because of his extensive previous involvement and the other factors. And then he essentially says, but if I'm wrong about that, I still come out the same way because of his extensive participation in this conspiracy. So I guess I have trouble seeing that the court didn't consider as opposed to agree. Well, two things. I think first, at the conclusion of the court's analysis, what it did was it went through a number of participants and said that even if I were to consider them, I don't know if he would have been... If I would have granted the minor role So right there, if I... I know I'm interrupting again, but right there, it strikes me that... I think I agree with Judge Graber that we assume he knows the law and it was extensively briefed in this case. It wasn't an oversight. But what if he says something that's contrary to the law? And that's my concern because after all, this amendment was pretty recent at the time and we've had to wade through a number of these cases to determine whether or not the amendment was defendant situation. After all, it wasn't a pie in the sky. It was... There were two named individuals. If the judge says something that indicates that he's hearkening back to the pre-amendment case law, which of course says quite clearly that we don't consider hypothetical defendants, is that something that would be enough of a hook for this to be reconsidered? Well, I want to make sure that we're not confusing the issues because there's two distinct issues going on here. The first is whether the district court considered the minor role factors as required by Contrera-Leva. And then there's the second issue with Rojas Mion in terms of identifying all likely participants. Right. I get that. But my point is that he's hearkening back. And so... And there was a circuit split and the amendment resolved the circuit split. And I think we're all really familiar with that. Again, I don't... I'm just trying to keep you within your time limits here so you can get to the issue. So a question the judge did ask, a statement the judge did make suggests that he's hearkening back to the pre-amendment. And I wonder about whether we have anything... If that gives us pause to consider whether he really is applying the newer standard. Yes. And I think that's an important thing to note where we look at the facts underlying Hurtado, Rodriguez-Castro. And then we look at the facts underlying the case of Contrera-Leva. They're really not different. Counsel, I just want to get you to answer my question. I'm sorry. So here's the question. Is this... Was he right? Does this case involve hypothetical defendants? In the case... This case? No. Under the new amendment, how are district courts to analyze actual participants in your view? Well, I think that what Contrera-Leva instructs is that the district courts to consider the five minor factors. And then after considering those, do a relative culpability analysis. I think the five factors inform the analysis by looking at the scope and structure, the defendant's knowledge of those issues. And so what did the district court do here that you don't think was appropriate in applying this new standard? What the district court did was I think that it relied on the court's reasoning in prior cases such as Hurtado and Rodriguez-Castro, which essentially were cases where we've got a courier and then some additional factor. And based on that, this court was affirming the denial of minor role. What should the court have done? I'm just trying to understand because you say you have two issues. And one is whether he actually did apply the factors. But I think the other issue is a little more interesting to me. And I'm trying to figure out if in demanding hypothetical individuals or interpreting that the law now said is that we don't consider hypothetical individuals, was the court correct? No, because when the term hypothetical participant I think referred to other districts that were taking a defendant, there were judges who were doing an analysis that compared a defendant to couriers in other cases. It's not other districts, counsel. It's our case law. Our case law said you don't look to hypothetical defendants. So if he thinks there's the hypothetical defendants, he wouldn't be applying the factors at all. So it's our position that in terms of a hypothetical participant, the district court was correct not to look outside of this particular criminal activity, outside of this drug trafficking. But that's not what a hypothetical defendant is. Well, what Rojas Milan instructs is that where there's sufficient evidence of other actors, that the district court is to consider all likely participants. Right. And I just asked you the question about whether these two that he identified here were hypothetical defendants. I thought I understood you to say you don't think they were hypothetical. They were named individuals. Right. So they are not hypothetical because they were named. So what we're talking about is Mr. Aguilar's friend, the other courier, Mr. Rodriguez. And then we've got the recruiter who went by the name of Peter A.K. Topone. And what I was trying to get the court to do was consider other likely actors. For example, the distributor of those drugs. We've got a defendant who was being paid $1,000 to import $270,000 worth of drugs. And he was delivering those drugs to someone in the United States. That's a hypothetical. Now you are talking about hypotheticals. This defendant didn't have the ability to, he didn't have knowledge about beyond the two links on either side of him in the chain. Right. Well, it's our position that the district court took the view that it wasn't allowed to But I read the court as having done exactly that in the alternative. And I know that the way that he phrased it was, I don't know that it would be any different. But I think that's a polite way of saying it wouldn't be any different because of the fact that he had multiple roles. It was a very large transaction. He was the owner of the car and all the other factors that have been discussed. So I guess I don't understand how it could matter whether the court did or didn't when he went down both roads. I mean, ultimately, and I'm going to try to reserve one minute for rebuttal. So I've got about 30 seconds here. But ultimately, what we've got is a situation where the government, the defense counsel did raise the factors and tried to point to other participants. The problem is that the district court dismissed those issues without explanation and then relied on the reasoning of the government, which pointed to Ninth Circuit factors. That's the language it used at ER-9. But this court hadn't yet decided Quintero Leyva. So we know that the government was hearkening back to Hurtado Rodriguez Castro. And the district court adopted that without mentioning or considering any of the factors. And because the district court didn't show its work, I think that puts this court in a difficult position in doing meaningful appellate review. And with that, I'll try to reserve the last minute. Thank you. Thank you. We'll hear from the government. Good morning, Your Honors. May it please the Court. Emily Kiefer for the United States. The district court in this case did not abuse its discretion in applying the minor role provisions of the sentencing guidelines. It considered the non-exhaustive list of factors in Section 3B1.2. And it also properly compared the defendant's role to that of other known participants. Did it really? And that's what I think for me is the most interesting issue here. Because it seemed like the district court declined comparing Mr. Aguilar-Diaz to other individuals in the criminal activity. Because in the district court's view, that he thought he was prevented from considering hypothetical individuals. And so I guess my question for you, is it your position that a defendant must specifically identify individuals for those other individuals to not be considered hypothetical? I don't think that the defendant has to identify those individuals by name. However, in this case, I have a couple of responses to Your Honor's question. First, the district court here on ER17 did identify with defense counsel the two known participants here, Peter and Rodriguez. And then on ER22, the district court expressly says there's no doubt in his mind that the defendant, Aguilar-Diaz, is not a minor player relative to those known participants. Counsel, so in your view, is the government's position that the two that he identified are hypothetical defendants or not? They are not hypothetical defendants. I agree with you. So let's set that aside. Yes. So getting back to Judge McGee's question, because I think we're bothered about the same thing. I don't think you need to convince us that we assume the judge knows the law and that the judge applied the law. In this case, there was a pretty extensive, in the briefing, a pretty extensive analysis of the new factors. So I don't think he has to say it into the microphone. But what if he says something into the microphone that seems to be hearkening back to the pre-amendment days? Do we need to worry about that? I don't think you need to worry about that. And there are a couple of reasons why. First, the amendment resolved the circuit split in favor of the Ninth Circuit's view of the case law. So by hearkening back to pre-amendment Ninth Circuit case law, the district court was following the Sentencing Commission's view. Right. But it did more than that. The amendments are clear, though. I mean, you don't have to name or just because they're hypothetical, that does not go against the defendant. Right? I'm sorry, Your Honor. I think that... I mean, it seems like it set out a structure of determining what was the criminal activity, who are the likely participants, but you don't have to actually name them. It seems here that the district court was very focused on the fact that he could only name those two people. Well, if you're minor role, that means you're going to be low in the chain and you're not going to know all the names of all the people involved, either at the front end of this whole criminal activity or at the back end of the criminal activity, which he claims he's at. And so how do we use that against him? Or is that... I don't think that's what the guidelines, in particular, the amendments envisioned. In fact, it says to the counter, it says contrary. Your Honor, my reading of the guidelines is that the circuit split was resolved in favor of the Ninth Circuit. But that's not all they did. Okay. That's not all they did. If they wanted... If this commission wanted to just resolve the circuit split, it could have done that by saying, hey, here's the correct comparison group. It also said, here's a list of factors. And this is exactly going to the nub of my point. It resolved the circuit split in favor of the Ninth, and then it gave us new factors that need to be considered that didn't exist before. So I don't think you've grappled with that, right? All you've said is that after this amendment, we're in pre... In other words, you're suggesting that the Ninth Circuit law doesn't change. But of course, we do have to apply those factors. Yes, Your Honor. So I think that, as Your Honor noted, the district court did effectively apply those factors because it considered the party's arguments that addressed them and then compared the defendant to the other known actors. And the issue... Right. And so right there, right there, he was doing that, I think. And so for me, the hang-up is... And then he says, oh, I can't compare to hypothetical defendants. I don't think these are hypothetical defendants. That's my concern. I'm sorry, Your Honor. May I clarify? Which are the ones that you do not believe are hypothetical? The ones you and I just covered. Peter and the two he could identify. Yes. And I think the district court was on the same page. That those were not hypothetical defendants. How do you read what the court says on ER 22? I think defense counsel and I have sort of a different understanding of that. The court then says, if I consider all the unknown... I'm in a paraphrase. If I consider all the unknown people, the ones who make the drugs, the ones who cut the drugs, the distributors and so on, when I look at the whole thing, then the crucial question is whether what the court means is I'd come out the same way. Because he's just said earlier, this guy's not a mere courier. He's done this three times. He knows what he's doing. He's highly educated. He's gone through all this. And then he says, one way of reading it is I'd come out the same way. And the other way of reading it is I'm not sure whether I'd come out the same way. So how should we read what the court is saying there? I agree wholeheartedly with Your Honor's interpretation. I think it's an alternative analysis that the district court was conducting. And the reason for that is the district court's referring to the Ninth Circuit case law. The Ninth Circuit case law in Rosas, for example, expressly rejects the idea that a drug trafficking defendant can point to some generalized network of drug traffickers. That such an argument is insufficient. Well, that's not how I read... Sounds like this is a third way to read what the court said. I guess I read it as saying, okay, I know I'm supposed to look at the whole structure. And if I do that as an alternative way of looking at this, I'm still in the same place because this guy was not a mere courier. He just said he's not a mere courier. Yes, exactly, Your Honor. And that in Rosas was the same. Mere courier was one of the reasons that the court in Rosas said that even comparing the defendant to a larger generalized drug trafficking scheme, the defendant still was not a minor player because he was not simply a mere courier. Just as the defendant in this case was not simply a mere courier. He had been paid for prior activity. He had educated another person on the process of going through the port of entry. He had his pay reduced when that other individual's drug load was lost, which further suggests that this was not some sort of informal agreement with a friend, but rather something that was recognized by the person who was paying them as a formal agreement where he was participating formally in the drug smuggling activities. I guess I just want to know your take on what is the obvious meaning of actual and will it always require the level of specificity that it seems like the judge, especially in the colloquy that was taking place, was requiring? I think that this court's case law is clear that the defendant does not have to identify the other participants by name, but what this court has said is the district court only has to consider those other participants if it finds that there's evidence that they exist. So if there is evidence that the district court finds reliable that these other participants exist,  in this case, and they'd have to consider the factors. And the amendment listed like 11 different possible individuals who could be involved in criminal activity when it comes to this. I think there might be some confusion between the amendment and a sentencing commission report that was authored in 2011. The sentencing commission report that was authored in 2011 includes a list of individuals. In appendix H, there are approximately 18 individuals listed. Amendment 794 to the sentencing guidelines includes no such list. Amendment 794 simply talks about the duty of the district court to consider other participants and then points to this court's case law as being the defining case law for determining whether those participants exist. And this court's case law is that if the district court finds by reliable evidence that there are other participants, then the district court should consider the defendant's participation relative to those other participants. But here, the district court did not find the defendant's mitigating statements reliable. And when it looked at those undisputed facts that were before it, it found relative to established that he was substantially less culpable than the minor average participant. And I would also note for your honors, if you go through and accept the defendant's view of the case law and view of the facts, even if you did that, on page 10 of the defendant's reply brief, he identifies six individuals. If you add those to the two known individuals, you have eight total. Four of those individuals, if you go by the 2011 sentencing commission report upon which the defendant relies, are more culpable and four are less culpable, which would put, even according to the defendant's own sources, the defendant smack in the middle as an average participant. And this court has clearly said that average participants are not entitled to role reductions. Only those who are substantially less culpable than average are entitled to rule adjustments. So even if you took the law and facts in exactly the way the defendant's interpreting them, which we would not, but even if you did, he still has failed in his burden here. Thank you, counsel. Thank you. Mr. Eilers, you have some rebuttal? What the district court said was that it knows that there are hypothetical participants out there, but it knows that according to 930 case law, it can't consider those. What the district court meant by hypothetical participant, I think, still remains unclear. And I think that the district court needs to make clear that it has identified and applied the correct legal standard. The district court didn't make a finding that there was not going to be someone who was going to receive and distribute these drugs. And I think if we look at the facts of Rojas Millan, we've got a defendant who made a post-arrest statement stating that he was picking up the drugs from Los Angeles and was delivering them to an unknown person in a parking lot in Reno. And the district court, the Ninth Circuit, remanded so that the district court could consider all likely participants if there's sufficient evidence. Here, the district court didn't make a finding that these other participants didn't exist. Rather, it applied the incorrect legal standard. And that's why we're asking this court to reverse and remand for resentencing. Have we ever said that district courts need to make a finding about the existence and participation of other possible actors? I'm sorry, Your Honor? Have we ever said that district courts need to make the finding about the existence of the other actors? No. What the court has held is that where there's sufficient evidence of other participants, a district court's required to consider all likely participants in the criminal activity. Thank you. Thank you, counsel. We appreciate the arguments from both of you. And the case just argued is submitted.
judges: Graber, Murguia, Christen